# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| GETTYS BRYANT MILLWOOD AND JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 7:19-cv-01445-DCC<br><br>**CONSENT CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 9th day of October, 2019 ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below. Nothing in this Order shall be construed to limit the use of any document at any trial or hearing in these actions provided that the parties take necessary advance precautions to avoid the public disclosure of confidential information. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial in these actions shall bring that issue to the Court's and the parties' attention by motion sufficiently in advance of the proceeding without disclosing the confidential material. The Court may thereafter make such orders as are necessary to govern the use of such documents at the hearing or trial.

2.      **Confidential Information and Documents Which May be Designated Confidential.** Any party may designate information as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute or contractual agreement; sensitive personal information (including personal identifying information); trade secrets; confidential research related to proprietary marketing, sales, product development, or other competitive strategy; or commercially-sensitive information, the unprotected disclosure of which would cause competitive harm to the disclosing party, of any party or a party's customer. Confidential information may include a document, electronically stored information ("ESI"), or other written material or image; information contained in a document, ESI, or other material; information revealed during a deposition; information revealed in an interrogatory, answer, or written responses to discovery; information revealed during a meet and confer, or otherwise in connection with formal or informal discovery. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential. The parties have also agreed to a meet and confer regarding a stipulated protocol as to the production of ESI and as to a protocol with respect to clawback under FRE 502(d), which they intend to submit to the Court in due course.

3.      **Form and Timing of Designation.**

a.      Confidential information and/or documents shall be so designated by placing or affixing the words "CONFIDENTIAL: PURSUANT TO PROTECTIVE ORDER" to each

---

[1] The attorney who reviews the documents and certifies them to be confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

page that contains confidential information and in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation language. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter, slip sheet, production metadata, or by affixing a label to the production media containing the document.

b.  Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

c.  Documents shall be designated as confidential prior to, or contemporaneously with, the production or disclosure of the documents except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 4 below.

d.  Information designated as confidential must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

e.  If timely corrected, an inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. No party shall be found to have violated this Order for failing to maintain the

confidentiality of material during a time when that material has not been designated as confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated confidential.

4.     **Reading Room.** In order to facilitate timely disclosure of large numbers of documents which may contain confidential documents, but which have not yet been reviewed and marked, and/or in order to facilitate the timely disclosure of documents for which there are technological difficulties to produce, the following "Reading Room" provisions may be utilized.

a.     Documents may be produced for review at a party's facility or other controlled location ("Reading Room"), prior to designation as confidential. After review of these documents, the party seeking discovery may specify those for which further production is requested. The producing party shall then copy the requested documents for production. To the extent any of the requested documents warrant a confidential designation, the copies shall be so marked in a manner consistent with this Order prior to further production.

b.     Unless otherwise agreed or ordered, copies of Reading Room documents shall be requested within twenty days of review in the Reading Room and shall be produced within thirty days after the request is made, unless it is not technologically or practically feasible to do so within that time frame, in which case the producing party shall notify the receiving party in writing of such and of a timeline for production and the requesting party may seek relief from the Court if the producing party fails to meet that timeline.

c.     The producing party shall maintain a log of persons who have reviewed documents in the Reading Room and the dates and time(s) of their presence.

d.     The production of documents for review within the confines of a Reading Room shall not be deemed a waiver of any claim of confidentiality or privilege, so long as the reviewing parties are advised that the Reading Room production is pursuant to this

provision and that the Reading Room may contain confidential and/or privileged materials which have not yet been marked as confidential and/or privileged, and the producing party asserts confidently or privilege in the manner prescribed in this Order and any yet-to-be-entered order governing the parties' assertions of privilege.

e. Until such time as further production is made of documents reviewed in a Reading Room, the reviewing party shall treat all material reviewed as if it was marked confidential at the time reviewed.

5. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or by written notice to all counsel within thirty (30) days after receipt of the transcript. To the extent that portions of the deposition testimony do not qualify as confidential, such designation shall be specific as to the portions to be protected. All testimony, regardless of whether designated as confidential on the record, shall be treated as confidential until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated as confidential pursuant to this Order prior to being taken because of the subject matter of the anticipated testimony. Furthermore, any document designated as confidential shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

6. **Protection of Confidential Material.**

a. **General Protections.** Documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to

putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated as confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(12) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated confidential pursuant to this Order:

(1) Counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) Parties and officers, directors, or employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) Law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(5) Anyone as otherwise required by law;

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

(6) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(7) Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

(8) Copy or imaging services retained by counsel to assist in the duplication of confidential information who have signed Exhibit B, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(9) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed Attachment B, unless otherwise agreed by the designating party or ordered by the Court. Witnesses shall not retain a copy of documents containing confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, subject to the terms of this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(10) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(11) Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such

confidential material is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has completed the certification contained in Attachment B to this Order; or

(12) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL: PURSUANT TO PROTECTIVE ORDER" if these words does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. **Filing of Confidential Materials.**

a. This Order does not, by itself, authorize the filing of any document under seal. Local Civil Rule 5.03 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

b.      In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.

c.      Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. This duty exists irrespective of the duty to consult on the underlying motion.

8.      **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9.      **Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

a.      The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

b.      A party or non-party who contends that documents designated confidential are not entitled to confidential treatment shall give written notice to the party who affixed the

designation of the specific basis for the challenge. The party or non-party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential pursuant to this Order shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

(3) the Court rules that the documents should no longer be designated as confidential information.

d. Any party or non-party may challenge a designation of confidentiality at any time. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. The conclusion shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of any appeals,

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

  b. **Return of Confidential Documents.** Within sixty (60) days after the conclusion of the litigation pursuant to ¶ 10.a, all documents treated as confidential under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index that refers or relates to information designated as confidential pursuant to this order so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the information designated as confidential pursuant to this Order.

  11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

  12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the

Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13.   **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients. However, nothing in this Protective Order disallows State Farm from:

(a)   complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law;

(b)   adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system;

(c)   disclosing evidence of a crime or fraud; retaining information necessary to meet mandated retention requirements; or

(d)   retaining copies of confidential information that may exists on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course, provided that should a copy of the confidential information be accessed it will not be used for a purpose inconsistent with this Order.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.<br>UNITED STATES DISTRICT JUDGE

October 9, 2019
Spartanburg, South Carolina

# ATTACHMENT A
# CERTIFICATION BY COUNSEL OF DESIGNATION
# OF INFORMATION AS CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| GETTYS BRYANT MILLWOOD AND JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>      Defendant. | Civil Action No. 7:19-cv-01445-DCC<br><br>**<u>CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL</u>** |

      Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

      By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

      Check and complete one of the two options below.

❏      I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❏      I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: [date attachment A signed]                       [Signature of Counsel [s/name]]
                                                               Signature of Counsel

                                                                [Printed Name of Counsel [A]]
                                                                Printed Name of Counsel

# ATTACHMENT B

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| GETTYS BRYANT MILLWOOD AND JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 7:19-cv-01445-DCC<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

| | |
|---|---|
| Name: | [undersigned name [at B]] |
| Job Title: | [Job Title [at B]] |
| Employer: | [Employer [at B]] |
| Business Address: | [Business Address [at B]] |

Date: **[date attachment B signed]**                                  [Signature [attachment B]]
                                                                                                Signature

## ATTACHMENT C

### CERTIFICATION OF COUNSEL OF NEED
### FOR ASSISTANCE OF PARTY/EMPLOYEE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| GETTYS BRYANT MILLWOOD AND JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of themselves and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>     Defendant. | Civil Action No. 7:19-cv-01445-DCC<br><br>**CERTIFICATION OF COUNSEL OF NEED FOR ASSISTANCE OF PARTY/EMPLOYEE** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of [name of assistant [at C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❏     A named party;

❏     An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date: **[date attachment C signed]**                              [Signature [attachment C]]
                                                                                                Signature