IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. 1:22-cv-01031-STA-jay |

## SCHEDULING ORDER

On May 17, 2019, Plaintiff John Baker McClanahan, Personal Representative of the Estate of Melissa Buchanan, filed a Class Action Complaint in the United States District Court for the District of South Carolina. On February 18, 2022, the District Court granted Defendant State Farm Life Insurance Company's consent motion to sever the claims (ECF No. 161) and transfer the claims of John Baker McClanahan and the claims on behalf of the putative class of Tennessee policy holders to this Court.  On February 28, 2022, the Court directed the parties to file a status report, updating the Court on any issues of which the Court should be aware, including a list of any pending motions that were filed in the District for South Carolina and any other outstanding issues the Court needs to consider.  The parties filed the status report (ECF No. 172) on March 28, 2022, and submitted a stipulated scheduling order.

1

Pursuant to Local Rule 16.2, the parties have conferred in compliance with Federal Rule of Civil Procedure 26(f) and agreed upon the matters set forth herein. Present were Nathaniel Giddings and David Wilkerson, counsel for Plaintiff, and Todd A. Noteboom, counsel for Defendant.[1] Based on the status report and the current posture of the case, the Court finds that a scheduling conference is not needed at this time. The following dates are established as the final deadlines for:

**CLASS CERTIFICATION:**

    **(a)** Plaintiff's Motion for Class Certification: June 1, 2022
    **(b)** Defendant's Response to Motion for Class Certification: June 29, 2022
    **(c)** Plaintiff's Reply in Support of Motion for Class Certification: July 20, 2022

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**:

    **(a)** Motion to Exclude Expert(s) under F.R.E. 702/*Daubert*: November 1, 2022

**FILING DISPOSITIVE MOTIONS**: November 1, 2022

---

[1] Upon the transfer of the case from the District for South Carolina, the Clerk of Court assigned the case to the "standard track" (ECF No. 163). The parties now request that the case proceed in an expedited manner. Local Rule 16.2 explains the Court's differentiated case management system for civil cases. The Clerk of Court assigns each case to a track based on two criteria: the complexity of the case and the need for "judicial involvement." Local R. 16.2(a). Most civil cases are by default "standard track" cases, meaning the scheduling order deadlines should allow the case to be tried within two years of the plaintiff filing suit and the trial of the issues should last between 3 and 10 days. Local R. 16.2(b)(4)(B)(v).

The parties have not objected to the Clerk's assignment of this case to the "standard track." They only request that the case proceed "in an expedited manner." While it is true that the parties completed discovery prior to the case being transferred to this Court, other features of the case suggest to the Court that it may be complex. Plaintiff sues on behalf of a class of Tennessee plaintiffs. The parties have proposed a schedule for filing motions for class certification, motions to exclude experts, and dispositive motions. They also report that they anticipate trial to last 10 to 14 days.

Regardless of the track designation, the Court finds the parties' proposed schedule to be acceptable and will set a trial date based on the stipulated deadlines in their proposed order. For the time being the Court finds no reason to reassign the case from the "standard track."

**OTHER RELEVANT MATTERS**:

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 10-14 days.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 31, 2022