IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN BAKER MCCLANAHAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MELISSA BUCHANAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:22-cv-01031-STA-jay<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 305) DENYING MOTION TO CERTIFY QUESTIONS OF STATE LAW (ECF NO. 308)**

Before the Court are Plaintiff John Baker McClanahan's Motion for Reconsideration (ECF No. 305) and Motion to Certify Questions of State Law (ECF No. 308), both filed March 7, 2023. Plaintiff is the personal representative of the estate of Melissa Buchanan, the owner of a universal life insurance policy issued by Defendant State Farm Life Insurance Company. On February 7, 2023, the Court granted State Farm judgment as a matter of law on its statute of limitations defense to the claims of Ms. Buchanan's estate. Plaintiff now seeks reconsideration of the Court's summary judgment ruling on the statute of limitations issue as well as the certification of questions of law to the Tennessee Supreme Court. State Farm has responded in opposition to both requests. For the reasons set forth below, the Motions are **DENIED**.

    **I.**    **Motion for Reconsideration**

1

Plaintiff bases his Motion for Reconsideration on Federal Rule of Civil Procedure 59(e). Under that Rule, a party can file a motion to alter or amend a judgment within twenty-eight (28) days of the entry of the judgment. Fed. R. Civ. P. 59(e). A party can seek the alteration or amendment of a judgment only for the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (citing *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). Rule 59(e) motions "serve a limited purpose." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). A motion to alter or amend allows "the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citations omitted).

Plaintiff seeks reconsideration under Rule 59(e)(1) to correct what Plaintiff regards as clear errors of law in the Court's summary judgment ruling. Plaintiff identifies two principal legal errors in the Court's previous order. First, Plaintiff argues that the Court erred in dismissing all of Plaintiff's breach of contract claims as time barred. Ms. Buchanan's insurance policy with State Farm was a severable contract, meaning each month State Farm assessed an improperly calculated COI charge, a new breach of contract claim accrued. According to Plaintiff, this means Ms. Buchanan had timely claims against State Farm, at least for each of the monthly COI assessments State Farm made during the six years before Plaintiff filed suit.

The problem with Plaintiff's first assignment of error is that Plaintiff did not present this theory in his pleadings or at summary judgment. Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal*

*Practice & Procedure*, § 2810.1 pp. 127–28 (2d ed. 1995)). "[A] motion to reconsider generally is not a vehicle to reargue a case" with new theories the party could have raised at an earlier stage of the case. *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Because Plaintiff raises this argument for the first time in his Motion for Reconsideration, the Court holds that it is not a proper basis for altering or amending the judgment.

Next, Plaintiff argues that the Court committed clear legal error by misapplying Tennessee's inherently undiscoverable standard as a tolling exception to the statute of limitations for breach of contract. Plaintiff actually makes a series of discrete points in support of this argument: (1) the Court misapplied the Tennessee Court of Appeals' unpublished decision in *Goot v. Metropolitan Government of Nashville and Davidson County*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638 (Tenn. Ct. App. Nov. 9, 2005) as well as decisions of other federal courts applying *Goot*; (2) as a factual matter, State Farm never disclosed its methodology for calculating COI rate reductions; (3) as a matter of law, State Farm had a fiduciary duty to disclose its methodology; (4) requiring Ms. Buchanan (or any other policyholder) to inquire with a State Farm agent about how COI rates were reduced would have been "futile;" and (5) a jury should decide whether State Farm's breach was inherently undiscoverable. None of Plaintiff's arguments demonstrate a clear error of law warranting reconsideration.

Plaintiff previously articulated each of his arguments related to *Goot*, whether and how to apply the inherently undiscoverable standard in breach of contract cases, and whether a jury should decide the issue, at summary judgment. In fact, the Court accepted the premise of Plaintiff's position on Tennessee law that an inherently undiscoverable breach of contract might toll the statute of limitations. It's just that the Court predicted "[b]ased on the available data" that "the

3

Tennessee Supreme Court would only apply the discovery rule as an exception to the statute of limitations for contract actions in rare cases where the breach of contract was inherently undiscoverable." Order Granting Def.'s Mot. for Summ. J. 14, Feb. 7, 2023. The Court concluded that based on the undisputed facts at summary judgment, the alleged breach in this case did not meet the inherently undiscoverable standard the Tennessee Supreme Court had applied with somewhat heightened scrutiny in *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671 (Tenn. 2019). Plaintiff's assignments of error are largely a repetition or an elaboration on arguments Plaintiff had already raised and the Court had already addressed at summary judgment. In other words, Plaintiff is attempting to "relitigate old matters," which is not a permissible use of Rule 59(e). *Baker*, 554 U.S. at 519 n.5.

Moreover, Plaintiff's other arguments related to the Court's analysis of the statute of limitations issue are matters Plaintiff could have previously raised or introduced but now broaches for the first time in his post-judgment Motion for Reconsideration. For example, Plaintiff's contention that State Farm had a fiduciary duty "to disclose the true basis of its COI Rate change in this fiduciary relationship" obviously could have been argued at summary judgment. Mem. In Support Mot. for Reconsideration 9. The Court accepted as undisputed Plaintiff's factual claim that "State Farm based COI changes on factors other than 'projected changes in mortality' and never disclosed what those additional factors were" for purposes of Rule 56. Order Granting Def.'s Mot. for Summ. J. 4 (citing Pl.'s Statement of Add'l Fact ¶¶ 4, 5, 7). Plaintiff just never made the legal argument it now raises that State Farm had an affirmative duty as a fiduciary to make the disclosures and that Ms. Buchanan could rely on State Farm's disclosures without further inquiry.

Plaintiff's argument about the futility of requesting more information from State Farm and the deposition testimony cited by Plaintiff to buttress the point are likewise matters Plaintiff had a

full opportunity to present at summary judgment but waited to raise as part of his request to set aside the judgment. Plaintiff cites deposition testimony from State Farm agents, in which they testify about their lack of knowledge concerning State Farm's reductions in COI rates, evidence that was apparently available to Plaintiff before but which Plaintiff only now has made part of the record.[1] Just as with his severability argument, Plaintiff's argument that State Farm had a fiduciary duty to disclose how it calculated a reduction in the COI rates or that agent testimony showing that Ms. Buchanan lacked a meaningful opportunity to discover how State Farm calculated its reduced COI rates are new theories presented by Plaintiff for the first time in his Motion for Reconsideration. The Court finds that Plaintiff has not shown why these arguments support Rule 59(e) relief.

Plaintiff also argues more broadly that the Court has misunderstood Plaintiff's point about State Farm's failure to disclose its methodology for calculating its reductions in COI rates in 2002 and 2008. Mem. in Support Pl.'s Mot. for Reconsideration 9-10 ("The Court's attempts to distance this case from *Goot* rests on a misunderstanding of Plaintiff's claims. Plaintiff is not claiming that State Farm failed to disclose the fact that it took deductions from cash values based on COI Rates, but that State Farm failed to disclose how it calculated those COI Rates."). The Court's summary judgment ruling on this point speaks for itself and belies Plaintiff's misreading of it. Contrary to Plaintiff's characterization, the Court addressed this specific issue as part of its discussion of whether Plaintiff had created a genuine dispute of material fact over Ms. Buchanan's opportunity to request information from State Farm about its calculation of COI rates. Order Granting Def.'s

---

[1] Plaintiff included excerpts of the deposition transcripts as exhibits to its brief and sealed the brief and the exhibits (ECF No. 307). Throughout the case, the parties have filed information containing State Farm's proprietary information under seal and in accordance with a protective order. Because the Court is not discussing the contents of the sealed exhibits as part of its determination of the Motion for Reconsideration, the Court is not entering its order under seal.

Mot. for Summ. J. 25-28. The Court understands Plaintiff's argument; the Court just finds it unpersuasive. And just as at summary judgment, Plaintiff's Motion for Reconsideration has cited no authority for the proposition that State Farm had a duty as a matter of law to disclose its ratemaking methodology to its customers. The single Tennessee case cited by Plaintiff for this proposition is an inapposite medical malpractice dispute in which the Tennessee Court of Appeals considered a physician's fiduciary duty to disclose treatment information to a patient. *See Jacobs v. Singh*, No. M2001-00697-COA-R3-CV, 2002 Tenn. App. LEXIS 18, at \*\*13-14 (Tenn. Ct. App. Jan. 11, 2002). In sum, Plaintiff has not shown any clear error of law that would require the alteration of the judgment under Rule 59(e)(1).

The remainder of Plaintiff's Motion for Reconsideration circles back to Rule 59(e)(4)'s catch-all, manifest injustice. Plaintiff claims that the Court's summary judgment ruling, if left unaltered, would result in manifest injustice. According to Plaintiff, Ms. Buchanan

> as an average layperson, had no conceivable way to discover how State Farm was calculating its COI Rates. A contrary finding would upend the established standards on summary judgment that the Court must construe the evidence in the light most favorable to the non-moving party and where disputed material facts exist regarding whether Plaintiff could have timely discovered the breach, summary judgment is inappropriate and such issue is better suited for a jury.

Plaintiff's statement is really just another gloss on his argument that the discovery of State Farm's alleged breach of contract was inherently undiscoverable and the Court erred in granting State Farm summary judgment on its statute of limitations defense. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright *et al., Federal Practice and Procedure* § 2810.1 (2d ed. 1995) (footnotes omitted). Rule 59(e) does not allow a plaintiff to use "the district court opinion as a sounding board to discover holes in their arguments, then reopen the case" by altering their arguments "to take account of the court's decision." *Gen. Motors*, 44 F.4th at 565 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612,

6

616 (6th Cir. 2010)). Plaintiff has not carried his burden to show why the Court should alter its judgment based on a clear error of law or any manifest injustice. Therefore, the Motion for Reconsideration is **DENIED**.

## II. Motion to Certify Questions of State Law

Plaintiff has filed a separate filed Motion to Certify. The Tennessee Supreme Court "may, at its discretion, answer questions of law certified to it" from a United States District Court sitting in Tennessee, provided that "there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23, § 1. Plaintiff asks the Court to certify the following questions of law to the Tennessee Supreme Court: "1) Whether the 'discovery rule' applies to breach of contract claims under Tennessee law; and 2) If the 'discovery rule' applies, what is a plaintiff required to demonstrate to successfully invoke the rule." Mem. in Support Pl.'s Mot. to Certify 2 (ECF No. 308-1).

Although "principles of federalism and comity favor giving a State's high court the opportunity to answer important questions of state law," *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 777 (2005), "the federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 610 (6th Cir. 2012) (citing *Pennington v. State Farm Mut. Auto. Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009)). The certification process "is most appropriate when the question is new and state law is unsettled." *Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015) (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). Even then, certification's "use in a given case rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

The Court declines to certify questions to the Tennessee Supreme Court in this instance. The Sixth Circuit has observed that "the appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling." *Town of Smyrna, Tenn. v. Municipal Gas Auth. of Ga.*, 723 F.3d 640, 649 (6th Cir. 2013) (quoting *Geronimo v. Caterpillar, Inc.,* 440 F. App'x 442, 449 (6th Cir. 2011)). At this juncture of the case, the Court has already ruled on the questions of Tennessee law identified in Plaintiff's Motion to Certify. The Court predicted that the Tennessee Supreme Court would apply the discovery rule as an exception to the statute of limitations for contract actions but only "in rare cases where the breach of contract was inherently undiscoverable." Order Granting Def.'s Mot. for Summ. J. 14. Plaintiff's Motion to Certify, coming as it does only after the Court has granted Defendant judgment as a matter of law, must be denied.

Even if Plaintiff had sought certification prior to the Court's ruling, Plaintiff has not shown that the questions presented are so novel under Tennessee law that certification would be appropriate. As the Court explained in its summary judgment ruling, the Tennessee Court of Appeals in a series of unpublished decisions beginning with *Goot* in 2005, has considered the discovery rule and its application as a tolling doctrine in breach of contract cases. What is more, the Tennessee Supreme Court has been presented with an opportunity to decide whether *Goot* was the law in Tennessee and has twice declined to reach the issue. The Court concluded from this line of cases that the issue was still unsettled in Tennessee. It cannot be said, however, that the issue is new. *Eiswert*, 619 F. App'x at 486 (holding that certification "is most appropriate when the question is new"). And for the reasons more fully articulated in the Court's summary judgment ruling, the Court concluded that the recent decisions from the Tennessee Supreme Court on *Goot* and the discovery rule suggested "a reasonably clear and principled course" of action to decide the

8

questions of law presented in this case. *Berrington v. Wal–Mart Stores, Inc.,* 696 F.3d 604, 610 (6th Cir. 2012).  Therefore, Plaintiff's Motion to Certify must be **DENIED**.

    **IT IS SO ORDERED**.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date:  May 22, 2023.